IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CR 123-070 |
| | ) | |
| APRIL EVALYN SHORT | ) | |

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

On November 17, 2023, at the request of both parties, the Court ordered a mental examination of Defendant pursuant to 18 U.S.C. § 4247, as authorized by 18 U.S.C. §§ 4241 and 4242. See United States v. Short, MJ 123-063, doc. no. 10 (S.D. Ga. Nov. 17, 2023) (hereinafter "MJ 123-063"). Macy Wilson, Psy.D., performed the examination and authored an extensive competency report dated February 15, 2024. (Doc. no. 11, under seal.) On April 30, 2024, the Court conducted an evidentiary hearing and heard testimony from Dr. Wilson. (See doc. nos. 13, 14.) Having carefully considered Dr. Wilson's report and testimony, the Court **REPORTS** and **RECOMMENDS** a finding Defendant is competent to stand trial.

I.  BACKGROUND

The Complaint, filed November 16, 2023, charged Defendant with murder pursuant to 18 U.S.C. § 1111(a). See MJ 123-063, doc. no. 1. The same day, the Court saw Defendant for an Initial Appearance and the parties jointly requested a psychiatric examination. Id., doc. no. 7. Following the Court's order for mental evaluation dated November 17, 2023, (id., doc. no. 10), Defendant was admitted to Federal Medical Center, Carswell, ("FMC Carswell") in

Fort Worth, Texas, on December 11, 2023, (doc. no. 11).  The Indictment, filed December 5, 2023, charges Defendant with one count of premeditated murder and one count of felony murder pursuant to 18 U.S.C. § 1111.  (Doc. no. 1.)

Dr. Wilson conducted two months of observation and evaluation and found Defendant competent to stand trial.  (See doc. no. 11.)  At the hearing, the Court qualified Dr. Wilson to testify as an expert psychologist concerning Defendant's competence in light of her considerable education, training, and experience.  Consistent with her evaluation and report, Dr. Wilson testified Defendant is competent to stand trial.

## II.    DISCUSSION

18 U.S.C. § 4241 provides, in pertinent part, as follows:

> **(d)  Determination and disposition.--**If, after the hearing, the court finds by a preponderance of the evidence that the defendant is presently suffering from a mental disease or defect rendering [her] mentally incompetent to the extent that [she] is unable to understand the nature and consequences of the proceedings against [her] or to assist properly in [her] defense, the court shall commit the defendant to the custody of the Attorney General.

18 U.S.C. § 4241(d).  "The legal test for competency is whether the defendant ha[s] sufficient present ability to consult with [her] lawyer with a reasonable degree of rational understanding and whether [she] ha[s] a rational as well as factual understanding of the proceedings against [her]."  United States v. Nickels, 324 F.3d 1250, 1252 (11th Cir. 2003) (quoting United States v. Cruz, 805 F.2d 1464, 1479 (11th Cir. 1986) (citations omitted)).

While Defendant exhibited worrisome symptoms of psychosis upon her arrival at FMC Carswell, she stabilized once she began regularly taking psychiatric medications.  (See generally doc. no. 11.)  Dr. Wilson described the dramatic improvement caused by the medications in her report.  (Id.)  After stabilization, Dr. Wilson conducted an assessment to

determine Defendant's competency to stand trial, the results of which Dr. Wilson summarized in her report as follows:

> Following her stabilization, we again attempted completion. Ms. Short was able to attend and responded to all questions asked of her. She displayed factual knowledge of courtroom procedures and an understanding of what was required for her to work effectively with her attorney.
>
> When asked about the responsibilities of defense counsel and of the prosecuting attorney, Ms. Short stated the defense is "supposed to help [me] have the best outcome," while the "district attorney is on the opposite side . . . say I should stay in jail." She correctly identified the crime she is charged with and articulated an adequate understanding of the potential consequences she may face if convicted.
>
> Ms. Short articulated an understanding of the 'not guilty by reason of insanity' defense and what would be associated with such a finding. She accurately reported the roles of both the Judge and jury, adding both are, "supposed to be neutral." She expressed trust in her attorney, though she said they have not spent much time together. Ms. Short verbalized an understanding of her rights, knows her attorney can speak on her behalf, and can guide her when she has questions about Court proceedings. There was no evidence of cognitive impairment during this interview.

(Id.) Dr. Wilson further opined in the report that in her professional opinion, Defendant is currently competent to stand trial. (Id.)

During the hearing, Dr. Wilson testified that Defendant is competent as well as expressed concern about a potential for relapse. Importantly, defense counsel has met with Defendant at length since her return from the evaluation, and he agrees with Dr. Wilson that Defendant is presently competent. Defense counsel also expressed concerns about a potential relapse and stated his intention to notify the Court if competency concerns resurface. No party offered any evidence to suggest Defendant is presently incompetent.

3

### III. CONCLUSION

For the foregoing reasons, the Court **REPORTS** and **RECOMMENDS** a finding Defendant is competent to stand trial and is not presently suffering from a mental disease or defect rendering her mentally incompetent to understand the nature and consequences of the proceedings against her or to assist properly in her defense.

SO REPORTED and RECOMMENDED this 2nd day of May, 2024, at Augusta, Georgia.

BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA