## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF GEORGIA
## AUGUSTA DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **v.** | ) | **CASE NO.: 1:23-CR-070** |
| | ) | |
| **APRIL EVALYN SHORT** | ) | |
| | ) | |

## GOVERNMENT'S UNOPPOSED MOTION TO DECLARE CASE COMPLEX

NOW COMES the United States of America, by and through Jill E. Steinberg, United States Attorney for the Southern District of Georgia, and asks the Court to designate this case to be complex pursuant to 18 U.S.C. § 3161(h)(1)(7)(ii). The Defendant does not oppose this motion.

### I.    PROCEDURAL HISTORY

On December 5, 2023, a grand jury sitting in the Southern District of Georgia returned a two-count indictment against defendant April Evalyn Short. (Doc. 1.) The defendant was charged therein with the offenses of Premeditated Murder, in violation of 18 U.S.C. § 1111, and Felony Murder, in violation of 18 U.S.C. § 1111. *Id.* The potential penalties for the charged offenses range from to death or imprisonment for not less than life (18 U.S.C. § 1111, 1114). (Doc. 2.)

On May 6, 2024, the Defendant appeared before this Court and entered a plea of Not Guilty to the charges. (Doc. 23.) The Court granted the government and the defense 90 days to file pretrial motions. (Doc. 24.) The Court also inquired of defense counsel about the potential appointment of additional counsel given the nature of the case. While the offenses alleged in the instant indictment are ones for

1

which the punishment of death is authorized, the U.S. Attorney General has not yet rendered a decision to seek such punishment. The Attorney General will make that decision after receiving the Government's formal recommendation memorandum, in which the Government will ideally include any evidence in mitigation provided by the Defendant.

## II.    CASE COMPLEXITIES

The case at bar remains complex in numerous ways. First, the case is scientifically complex, in that the government expects to present the testimony of experts in the fields of forensic psychology, forensic medicine, serology, DNA, fingerprint analysis, bloodstain pattern analysis, digital forensics and more. Each expert has examined numerous pieces of evidence and has generated – or is expected to generate – one or more detailed reports.

Second, discovery in this case is both voluminous and technologically dense. Information critical to both the government and defense includes a significant amount of stored data such as phone data, numerous lengthy videos and hundreds of photographs.

Third, the defense has raised as an issue, through its request for evaluations of both defendant's competency to stand trial and her criminal responsibility, the defendant's mental health at the time of the alleged offense. One forensic psychologist has rendered opinions regarding these issues. The government anticipates, however, requesting an addition evaluation of the defendant's criminal responsibility in the event that notice of an insanity defense is filed in this case.

Fourth, the government wishes to afford defense counsel a reasonable period in which to gather any evidence in mitigation for presentation to the U.S. Attorney, so that it may be included in his or her recommendation to the Attorney General regarding whether to seek the death penalty.  Following the submission of the U.S. Attorney's recommendation, the DOJ Capital Case Section typically requires approximately 30 days in which to consider the case and announce the Attorney General's decision.

## III.   Argument and Legal Citation

Under the Speedy Trial Act, 18 U.S.C. § 3161, a defendant charged in an indictment has the right to a trial within 70 days of the filing of the indictment or the appearance of the defendant in the court in which the charge is pending, whichever is later.  18 U.S.C. § 3161(c)(1).  Where, however, the case is deemed "complex" by the Court, the trial date may be continued without counting the period of delay in computing the time within which the trial of any such offense may commence.  Accordingly, one of the factors the Court may consider in granting a continuance of the trial in this case is:

> whether the case is so unusual or so complex, due to the number of defendants, the nature of the prosecution, or the existence of novel questions of law, that it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the time limits established by this section.

18 U.S.C. § 3161(h)(7)(b)(ii).  The decision to designate a case complex is "within the sound discretion of the court."  *United States v. Thomas*, 774 F.2d 807 (7th Cir. 1985) (upholding decision to declare case complex in alleged fraudulent bank loan financing

scheme charging wire fraud).

Here, there is ample basis for the Court to declare this case "complex" within 18 U.S.C. § 3161(h)(7)(b)(ii).  Preparing to prove and defend against the allegations in the indictment will require a detailed review of voluminous data, as well as a mastery of both technical and scientific evidence.  Defense counsel's preparation may reasonably involve consultation with experts, who will require time for review and for any additional testing of the government's evidence.   The government has provided all discovery to date in an indexed format, but some additional information has yet to be received or produced as described by the government at arraignment. Finally, given the potential punishment in this case, defense counsel must be afforded a reasonable period of time to identify and provide to the government any evidence in mitigation it wishes to be considered by the Attorney General in reaching his decision to seek or not seek the death penalty.

## IV.    CONCLUSION

The nature of the prosecution, the volume of discovery, the number of potential witnesses, the complexity of evidence and the punishment at issue weigh in favor of a determination that this case is "complex" within the meaning of 18 U.S.C. § 3161(h)(7)(b)(ii).  Designation of this case as "complex" is in the best interests of the parties and of the public, and the Government thus moves this Court to make such a designation.  The Defendant does not oppose this motion.

*(signatures follow on the next page)*

4

Respectfully submitted,

JILL E. STEINBERG
UNITED STATES ATTORNEY

***/s/ Patricia G. Rhodes***
Patricia G. Rhodes
Assistant United States Attorney


***/s/ Henry W. Syms, Jr.***
Henry W. Syms, Jr.
Assistant United States Attorney

5

## <u>CERTIFICATE OF SERVICE</u>

This is to certify that I have on this day served all the parties in this case in accordance with the notice of electronic filing ("NEF") which was generated as a result of electronic filing in this Court.

This 9th day of May, 2024.

Respectfully submitted,

Jill E. Steinberg
UNITED STATES ATTORNEY

***<u>/s/ Henry W. Syms, Jr.</u>***
Henry W. Syms, Jr.
Assistant United States Attorney

6