## IN THE UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF GEORGIA
## AUGUSTA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| | )  **Indictment No. 1:23-cr-070** |
| V. | ) |
| | ) |
| APRIL EVALYN SHORT | ) |
| | ) |

### GOVERNMENT'S COMBINED RESPONSE TO
### DEFENDANT'S PRETRIAL MOTIONS

Now comes the United States of America, by and through Jill E. Steinberg, United States Attorney for the Southern District of Georgia, and the undersigned Assistant United States Attorney, and responds to Defendant's Pretrial Motions as follows:

**Preliminary Statement**

The government has provided expanded discovery in this case. The discovery materials consist of the investigative reports, scientific reports (if any), and other documents which are material to this case (attorney and agent work product excepted). If an informant is called as a witness by the government, the government is willing to provide the informant's name one week prior to trial, along with the criminal history and Giglio materials, if any, related to that informant. Additionally, the government has provided in discovery all know Jencks Act material in its possession and will promptly provide any additional such material it receives. The government is also willing to provide rap sheets or criminal convictions of witnesses which the government learns about and which could

properly be used for impeachment under Rule 609, Fed. R. Evid., one week prior to trial. The government opposes, however, being compelled to compile witness lists. See e.g. United States v. Johnson, 713 F.2d 654, 659 (11th Cir. 1983).

The government is aware of its continuing obligation under Brady and Giglio to provide exculpatory and impeachment evidence to the defendant and is willing to timely provide same if and whenever it is received or occurs. (For the timing of disclosures related to the confidential informant, please see the above paragraph.) Such material the government is willing to provide would potentially include plea agreements, any promises of leniency, or grants of immunity, to any witness, prior bad acts of witnesses to the extent they are known to the Government, impeachable criminal convictions, prior inconsistent statements or the like.

The government's discovery policy should satisfy Defendant's discovery motions, rendering the motions moot. However, to the extent that the defendant's motions exceed the requirements of Rule 16, Fed. R. Crim. P., and the government's expanded discovery policy in this case, the government opposes the motions.

All known statements by the defendant have been produced, as has her criminal record.

The results of any scientific tests (if any) have been provided in the discovery materials. If any further tests are conducted in the future, the results will be provided upon their receipt.

All recordings (if any) of the alleged criminal transactions or statements are available for inspection. No polygraph examinations were conducted.

The government has provided notice of its expert witnesses to the extent possible. Federal agents' rough notes, if any, will be maintained, and produced only upon court order.

Witness statements, if any, have been provided or made available to defendant in the discovery materials.

If at any time prior to trial the defendant would like to view any physical evidence in this case, she may contact the United States Attorney's Office to set up a mutually convenient time to view such evidence. In response to the specific motions filed by the defendant, the government states the following as to:

**Motion for Disclosure of Evidence (Doc 16)**

As stated, the government is providing the defendant with expanded discovery in this case as outlined above, to include any statements of the defendant or any other witness who was interviewed, as well as the defendant's criminal history. Therefore, the government moves the Court to overrule and deny the defendant's motion as being moot.

**Motion for Disclosure of All Exculpatory Evidence (Doc 17)**

Since the Government has provided expanded discovery in this case, as outlined above, this motion should be rendered moot. Although the Government is unaware of any additional Brady or Giglio materials at this time, any materials of an exculpatory or arguably favorable nature, together with all information pertaining to its witnesses of an arguably impeaching nature, will be provided as received by the Government.

**Motion for Production of Jencks Material in Advance of Trial (Doc 18)**

As stated above, the government has provided all known Jencks material in its possession in discovery. The government will provide any additional Jencks material promptly upon its receipt.

**Motion for Disclosure of All 404(b) Evidence (Doc 19)**

The government does not, at this time, anticipate presenting any evidence at trial pursuant to Federal Rule of Evidence 404(b).

Respectfully submitted, this 19th day of August, 2024.

                              JILL E. STEINBERG
                              UNITED STATES ATTORNEY

                              /s/ Henry W. Syms, Jr.
                              Assistant United States Attorney
                              Georgia Bar Number 695009
                              P.O. Box 2017
                              Augusta, Georgia 30903
                              (706) 825-4536
                              Email: hank.syms@usdoj.gov

CERTIFICATE OF SERVICE

This is to certify that I have on this day served all parties in this case in accordance with the notice of electronic filing ("NEF") which was generated as a result of electronic filing in this Court.

This 19th day of August, 2024.

JILL E. STEINBERG
UNITED STATES ATTORNEY

/s/ Henry W. Syms, Jr.
Assistant United States Attorney
Georgia Bar Number 695009
P.O. Box 2017
Augusta, Georgia 30903
(706) 825-4536
Email: hank.syms@usdoj.gov